IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. HUDSON INSURANCE COMPANY, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. | 18-CV-335-RAW |
| ) | | |
| 1. OUTLAW INNOVATIONS AND ) | | |
| LOGISTICS, LLC; ) | | |
| 2. JOHN F. SULLIVAN, INC.; ) | | |
| 3. CENTURY LEASING, LLC; ) | | |
| 4. PHILLIP E. CARTER; ) | | |
| 5. PHILLIP E. CARTER, III, ) | | |
| ) | | |
| Defendants. ) | | |

## INTERPLEADER COMPLAINT

COMES NOW the Plaintiff Hudson Insurance Company, and for its Interpleader Complaint states as follows:

### PARTIES

1. Plaintiff Hudson Insurance Company (hereinafter "Hudson") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

2. Defendant Outlaw Innovations and Logistics, LLC (hereinafter "Outlaw") is an Oklahoma limited liability company with its principal place of business in Marietta, Oklahoma.

3. Defendant John F. Sullivan, Inc. is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business in Ardmore, Oklahoma.

4. Defendant Century Leasing, LLC (hereinafter "Century Leasing") is a Texas limited liability company with its principal place of business in the State of Texas.

5. Phillip E. Carter is an individual residing in Ardmore, Oklahoma.

6. Phillip E. Carter III is an individual residing in Ardmore, Oklahoma.

## JURISDICTION AND VENUE

7. Hudson brings this interpleader action under 28 U.S.C. § 1335.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1335(a) because there is diversity between at least two (2) defendants as defined in 28 U.S.C. § 1332, and the value of the property in controversy exceeds $500.00.

9. Hudson is ready, willing and able to deposit the full amount of the disputed proceeds into the registry of this Court.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because Defendant Outlaw's principal place of business is in Love County, Oklahoma, Defendant John F. Sullivan, Inc.'s principal place of business in Carter County, Oklahoma, Phillip E. Carter resides in Carter County, Oklahoma, and Phillip E. Carter III resides in Carter County, Oklahoma. Love County and Carter County are located in this Court's judicial district.

## FACTUAL ALLEGATIONS

11. Hudson issued a Commercial Lines Policy, Policy number WHOKT1720013 to the named insured, Defendant Outlaw, for the policy period of April 6, 2017 to February 15, 2018 (hereinafter "the Policy"). A copy of the Policy is attached as Exhibit 1.

12. The Policy includes several endorsements. Endorsement Number 27 adds a 2015 EXA pneumatic trailer, VIN 3E9J142H1FT034049 (hereinafter "the Trailer"), as a covered auto under the Policy. A copy of this endorsement is attached as Exhibit 2.

13. The Policy provides insurance coverage for certain perils, including theft of a covered auto.

14. The Policy provides that Hudson would pay the lesser of (1) the actual cash value of the damaged or stolen property as of the time of the loss; or (2) the cost of repairing or replacing the damaged or stolen property with other property of the kind and quality.

15. On or about October 10, 2017, the Trailer was stolen. To date, the Trailer has not been recovered.

16. At all times relevant to this action, the Trailer was owned by Defendant Century Leasing. Defendant Century Leasing is claiming entitlement to the loss proceeds under the Policy.

17. At the time the Trailer was stolen, it was being leased by Defendant Century Leasing to Defendants Phillip E. Carter and Phillip E. Carter III. The Master Motor Vehicle Lease is attached as Exhibit 3.

18. Defendants Phillip E. Carter and Phillip E. Carter III may claim entitlement to the loss proceeds under this Policy.

19. John F. Sullivan, Inc. is an insurance agency. John F. Sullivan, Inc. has filed an Insurance Agent's Lien Statement in the amount of $74,735.80 for premiums paid by John F. Sullivan, Inc. for certain policies, including the Policy at issue in this action,

which Outlaw Innovations and Logistics, LLC has not paid or reimbursed to John F. Sullivan, Inc. A copy of the Lien is attached as Exhibit 4.

20. John F. Sullivan, Inc. claims entitlement to the loss proceeds under this Policy pursuant to its lien.

21. Outlaw is the named insured under the Policy and may claim entitlement to the loss proceeds under the Policy.

22. Hudson has been compelled to employ attorneys and pay court costs for the purpose of protecting its interest arising out of these conflicting claims.

## INTERPLEADER TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT

23. Hudson admits that proceeds in the amount of $27,500.00 are payable under the Policy, but as a result of the adverse claims to the proceeds that have been submitted by the Defendants, Hudson is unable to determine to whom the proceeds may be paid without risking double or multiple liability.

24. Hudson claims no interest in the loss proceeds but is merely a stakeholder.

25. Unless the conflicting and adverse claims to the loss proceeds are disposed of in a single proceeding, Hudson may be subject to multiple litigation and at a substantial risk of suffering duplicate or inconsistent rulings on liability for payment.

26. Hudson is ready, willing, and able to pay the loss proceeds into the registry of the Court upon issuance of an Order granting Hudson leave to deposit the Policy proceeds.

27. Hudson is entitled to an Order enjoining the Defendants, and anyone acting directly or indirectly on their behalf, from prosecuting any action against it for the payment of said loss proceeds.

28. Hudson should be discharged from this case as a disinterested stakeholder and should recover its attorneys' fees and costs.

WHEREFORE, Plaintiff, Hudson Insurance Company, respectfully requests that this Court enter a final judgment in favor of Hudson and against the Defendants as follows:

1. The Defendants are required to interplead and resolve between themselves their respective rights to the proceeds of the Policy;

2. The Court enter an Order restraining each of the Defendants, their agents, attorneys or assigns, from instituting any action against Hudson relative to the proceeds of the Policy, or any portion thereof;

3. Hudson be permitted to deposit the proceeds of the Policy with the registry of the Court;

4. That upon payment of the proceeds with the registry of this Court, that Hudson be discharged from any all liability with respect to, affecting, or in any way arising out of the Policy;

5. Hudson be awarded its attorneys' fees and costs incurred in this action; and

6. Hudson be awarded such other and further relief as the Court may deem appropriate.

DATED: October 8, 2018.

                                      *s/Monty B. Bottom*
Monty B. Bottom-OBA #987
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
montybottom@oklahomacounsel.com

ATTORNEYS FOR PLAINTIFF
HUDSON INSURANCE COMPANY